```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

SHAKIR D. BATTLE,

                Plaintiff,

vs.                          Case No.  2:14-cv-98-FtM-29DNF

COLLIER COUNTY SHERIFF'S OFFICE, KEVIN J. RAMBOSK, Sheriff, and FNU WILSON, Corporal,

                Defendants.

_____

## ORDER OF DISMISSAL

This matter comes before the Court upon periodic review of the file.  Plaintiff Shakir Battle initiated this action proceeding *pro se* while detained at the Collier County Jail by filing a Civil Rights Complaint Form (Doc. #1, Complaint) and attached inmate grievances and responses thereto (Doc. #1-1 at 1-2, Exh. A) on February 12, 2014.  Plaintiff seeks leave to proceed as a pauper.  See Doc. #2.  For the reasons that follow, the Court finds this action subject to dismissal, without prejudice.  Consequently, the Court denies Plaintiff's motion for leave to proceed as a pauper.

**I.**

The Complaint alleges a violation of Plaintiff's Eighth Amendment right prohibiting cruel and unusual punishment stemming from an incident that occurred at the Collier County Jail on January 14, 2013.  Complaint at 5.  Upon intake at the jail, Plaintiff states he was placed in the mental health unit for observation by Defendant Wilson and another officer.  Id.

Plaintiff states that he got into a "verbal dispute" with Officer Wilson. Id. Thereafter, the alleged excessive use of force occurred while the Defendant Wilson and the other officer attempted to move Plaintiff to a different cell. Id. at 6. Specifically, Plaintiff alleges that an unidentified officer dug his fingernails into Plaintiff's right bicep muscle, which made Plaintiff "tense up." Id. After Plaintiff "tensed up," Plaintiff alleges that Defendant Wilson and the other officer threw him to the ground and began hitting him. Id. Plaintiff alleges that when he tried to stand up, he was tazed in his back. Id. After being tazed, Plaintiff states he was placed in a chair and "strapped up" for 2 hours. Id. Plaintiff states that he repeatedly asked for a pen and grievance form while confined in the restraint chair to no avail. Id.

Attached to the Complaint is a two-page inmate grievance form that Plaintiff submitted to Collier County Jail officials on October 13, 2013. Exh. A at 1-2. The grievance states that Plaintiff was arrested on January 14, 2013, and describes the incident at issue in this action. Id. A collier county jail official denied Plaintiff's inmate grievance as untimely because it was not filed within five days from the date the incident took place. Id. at 1.

**II.**

On February 19, 2014, the Court mailed standing Orders to Plaintiff at his address of record. See Docs. #3, #4. On March 3, 2014, the Orders were returned as undeliverable because Plaintiff is no longer at the Collier County Jail. See docket. A web search on the Collier County Jail's website reveals that Plaintiff was released on February 18, 2014. As of the date on this Order, Plaintiff has not updated his address of record. Consequently, the Court has no way of communicating with Plaintiff. It would be futile to mail an order to show cause why the case should not be dismissed to Plaintiff because the order would be returned to the Court. For failing to keep this Court apprised of his mailing address, this action is subject to dismissal.

**III.**

The Prison Litigation Reform Act (hereinafter "PLRA") requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. See 28 U.S.C. § 1915(e)(2).

The application of an affirmative defense such as absolute immunity, *res judicata*, collateral estoppel, the expiration of the statute of limitations, or failure to exhaust administrative

remedies are examples that warrant a *sua sponte* dismissal by the court for failure to state a claim if these affirmative defenses appear on the face of the complaint. Jones v. Bock, 549 U.S. 199, 212-219 (2007); Clark v. Georgia Pardons & Parole Bd., 915 F.2d 636 (11th Cir. 1990). Here, upon review of the Complaint and attached inmate grievances it is apparent that the Complaint fails to state a claim as a result of the exhaustion of administrative remedies requirement.

Significantly, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility as are until such administrative remedies as are available are exhausted." The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate unwarranted federal-court interference with the administration of prisons," Woodford v. NGO, 548 U.S. 81, 83 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)); (2) "'to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case'," Id.; and (3) to "'reduce the quantity and improve the quality of prisoner suits.'" Id.

"[T]he PLRA exhaustion requirement requires full and proper exhaustion." Woodford, 548 U.S. at 93-94 (emphasis added). In Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh

Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. Id. at 1156. Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 548 U.S. at 84-85; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief sought-- i.e. monetary damages--is available through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

Inmates, however, "are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216. Rather, pursuant to the PLRA, failure to exhaust administrative remedies is an affirmative defense. Id. When an affirmative defense is obvious from the face of a complaint or a court's records, it is not necessary to await the defendant's responsive pleading to raise the defense. Clark, 915 F.2d at 641 n.2. Rather, a court may properly *sua sponte* dismiss the complaint under these limited circumstances. See Anderson v. Donald, Case No. 06-16322, 2008 WL 73672, *2 (11th Cir. Jan. 8, 2008)(affirming *sua sponte* dismissal of an action for failure to exhaust administrative remedies).

A review of the inmate grievances and responses thereto attached to Plaintiff's Complaint reveals that he did not fully and properly exhaust his administrative remedies at the Collier County Jail. Plaintiff filed his first and only inmate grievance concerning the January 2013 incident in October of 2013. See Pl's Exh. A. The grievance was denied as not properly filed because it was not filed within 5 days from the date the incident occurred, and instead filed almost 10 months later. Id. at 1. In the Complaint, Plaintiff explains that he did not know the name of the officer who used excessive force on him and did not discover Wilson's name until that time.

The Court takes judicial notice of the rules promulgated by the Collier County Sheriff's Office regarding inmate grievances. See Collier County Sheriff's Office, Inmate Information Sheet at p. 7 ; see also Collier County Jail Policy and Procedure Manual (hereinafter "the Rules"); Watts v. Hunter, 2006 WL 2024956 *1-*2(M.D. Fla. July 17, 2006)(recognizing the Collier County Jail has policy and procedures in place for inmates' review). These rules are available for all inmates to review. The Rules do not require that an inmate specifically name an officer by name in his inmate grievance in order to exhaust his administrative remedies. See id. Thus, Plaintiff's delay in filing the inmate grievance was not necessary and actually contrary to Rule 7.10.7C1 in the Collier County Jail Policy and Procedure Manual, which required that he grieve his complaint within 5 days of the incident. Additionally, if an inmate is not satisfied with the response to the inmate's first grievance, the Rules require that the inmate file an appeal within 15 days of receiving the response. Id.  Plaintiff did not file an appeal in this case. See Complaint; Exh. A. Based on the foregoing, the face of the record reveals that Plaintiff did not fully and properly exhaust his administrative remedies. Thus, in the alterative, this action is dismissed, without prejudice, due to Plaintiff's failure to comply with 42 U.S.C. § 1997e(a).

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Complaint is **DISMISSED**, without prejudice, due to Plaintiff's failure to keep the Court apprised of his mailing address and failure to exhaust his administrative remedies.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __6th__ day of March, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

sa: alr
Copies: All Parties of Record